UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DERRICK WILLIAMS,

    Plaintiff,

vs.

T. BINGAMAN, P.A.; H. TATE,
M.D.; K. EL SAID, M.D.; and
L. ZAMORA, M.D.,

    Defendants.

Case No. 1:11-cv-01617-RRB

**SCREENING ORDER**

Derrick Williams, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action under 42 U.S.C. § 1983 against medical personnel employed by the California Department of Corrections and Rehabilitation at the Tehachapi State Prison.

## I.   SCREENING REQUIREMENTS

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief

---

[1]    28 U.S.C. § 1915A(a).

against a defendant who is immune from such relief."[2] Likewise, a prisoner must exhaust all administrative remedies as may be available,[3] irrespective of whether those administrative remedies provide for monetary relief.[4]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5]  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6]  Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it

---

[2]     28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[3]     42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules).

[4]     *See Booth v. Churner*, 532 U.S. 731, 734 (2001).

[5]     Fed. R. Civ. P. 8(a)(2).

[6]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[7]

Section 1983 suits do not support vicarious liability, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights.[8] This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[9] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10] Further, although a court must accept as true all factual allegations contained in a complaint, a court

---

[7]    *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[8]    *Iqbal*, 556 U.S. at 677; *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Citations omitted)).

[9]    *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10]    *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

need not accept a plaintiff's legal conclusions as true.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

## II.  ALLEGATIONS

Prior to his transfer from Folsom State Prison to Tehachapi State Prison, Williams had been prescribed 40mg of Methadone as part of a pain management program. After his transfer to Tehachapi, his pain management program was changed, including a reduction in his Methadone to 20mg. Williams, following the prescribed departmental procedure appealed that decision. In denying Williams' appeal at the Director's Level:

> **ISSUES**:
> Your CDCR 602-HC indicated you had been on Methadone 400 mg for the past three years, however, the medication was decreased to 200 mg. You stated you had been in extreme pain since your medication was decreased.
>
> You requested the following:
>
> Your prescription medication of Methadone is increased back to 40 mg dosage.
>
> **PRIOR APPEAL HISTORY**:
>
> Informal Level:
>
> The informal level appeal was elevated to the first level of review.

---

[11]   *Id.*

[12]   *Id.* (quoting *Twombly*, 550 U.S. at 555).

First Level:

At the first level, submitted on September 22, 2010, you stated the same issues and requests as noted above.

The First Level Response (PLR) stated your appeal was denied. A review of your Unit Health Record (UHR) was completed by R. Serrano, License Vocational Nurse (LVN) on October 26, 2010, which reflected you were seen by Dr. Tate on October 6, 2010, regarding your medical issues. The Primary Care Provider (PCP) notes and based on an examination indicated Dr. Tate will continue to wean you oft' the methadone. You will continue methadone 200 mg plus Naproxen for pain management

Second Level:
At the second level, submitted on November 15, 2010, you stated you had not been told why your medication was changed, then discontinued. You also stated the First Level Response was inaccurate.

The Second Level Response (SLR) stated your appeal was denied. Your UHR was reviewed by Dr. Eli Said on December 22, 2010, regarding this appeal. Your request to have your methadone is denied. You were examined by different PCPs and new pain medication was added. You have and will receive treatment as appropriate and medically indicated, based upon documented results. It should be noted the dosage amounts e.g. 200 mg and 400 mg reflected in the FLR were typographical errors and should have been 20 mg and 40 mg.

**BASIS FOR DIRECTOR'S LEVEL DECISION:**

At the Director's Level or Review (DLR), submitted on January 19, 2011, you stated you are dissatisfied due to the fact that your medical documentation that will prove the dispensary has been removed from your medical file. Dr. Lee was taken off as your PCP and Dr. Binbamon [*sic*] took over your case.

A review of the appeal file was performed and revealed the following:

Inmates may not demand particular medication, diagnostic, or course of treatment. "Only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall he permitted within the scope of their licensure, to diagnose illness, or prescribe medication and health care treatment for inmates. No other personnel or inmate may do so."

Your methadone was discontinued on October 6, 2010, and Naproxen was prescribed from October 6, 2010 to January 5, 2011. You refused your PCP visits on December 28, 2010, January 12, 2011 and February 15, 2011.

After review, there is no compelling evidence that warrants intervention at the Director's Level of Review as your medical condition has been evaluated by licensed clinical staff and you are receiving treatment deemed medically necessary.[13]

## III.  DISCUSSION

### First Cause of Action (Eighth Amendment)

The Supreme Court, holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment, stated:

[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[14]

---

[13]    Docket 1 at 32–33.

[14]    *Estelle v. Gamble* 429 U.S. 97, 104–105 (1976) (footnotes,
                                                    (continued...)

In *Estelle* the Supreme Court distinguished "deliberate indifference
to serious medical needs of prisoners," from "negligen[ce] in
diagnosing or treating a medical condition," holding that only the
former violates the Constitution.[15] In short, Eighth Amendment
liability requires "more than ordinary lack of due care for the
prisoner's interests or safety."[16]

In determining deliberate indifference, the court scrutinizes
the particular facts and looks for substantial indifference in the
individual case, indicating more than mere negligence or isolated
occurrences of neglect.[17] The Ninth Circuit has spoken to the
subject of the appropriate test under *Estelle*:

> In the Ninth Circuit, the test for deliberate
> indifference consists of two parts. First, the plaintiff
> must show a serious medical need by demonstrating that
> failure to treat a prisoner's condition could result in
> further significant injury or the unnecessary and wanton
> infliction of pain. Second, the plaintiff must show the
> defendant's response to the need was deliberately
> indifferent. This second prong—defendant's response to
> the need was deliberately indifferent—is satisfied by
> showing (a) a purposeful act or failure to respond to a
> prisoner's pain or possible medical need and (b) harm
> caused by the indifference. Indifference may appear when
> prison officials deny, delay or intentionally interfere
> with medical treatment, or it may be shown by the way in
> which prison physicians provide medical care. Yet, an

---

[14] (...continued)
internal quotation marks and citations omitted).

[15]  *Id.* at 106.

[16]  *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[17]  *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

SCREENING ORDER - 7
*Williams v. Tate*, 1:11-cv-01617-RRB

inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983. A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs. If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.[18]

In this case, no defendant has deliberately ignored or failed to respond to Williams' medical needs. At most, Williams's Complaint establishes a disagreement with the prescribed medications, which is "insufficient as a matter of law, to establish deliberate indifference."[19] "To prevail on a claim involving choices between alternative course of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'"[20] Williams' claim does not meet this standard, nor does it appear that he can properly plead facts that do meet it.

---

[18]    *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted).

[19]    *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *see Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate difference).

[20]    *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (*quoting Jackson v. McIntosh*).

SCREENING ORDER - 8
*Williams v. Tate*, 1:11-cv-01617-RRB

Second cause of Action (Due Process)

Williams's due process claim fails to state facts sufficient to constitute entitlement to relief. California provides a procedure for challenging medical treatment decisions. Williams availed himself of that procedure. Due process does not require more.[21]

Third Cause of Action (California Law)

This Court has supplemental jurisdiction over state law claims.[22] With respect to his state law claims, Williams cites California Government Code § 845.6,[23] an exception for governmental

_____

[21]   *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (noting that "inmates lack a separate constitutional entitlement to a specific grievance procedure) (*citing  Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

[22]   28 U.S.C. § 1367(a).

[23]   Cal. Gov't. Code § 845.6 provides:
Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care. Nothing in this section exonerates a public employee who is lawfully engaged in the practice of one of the healing arts under any law of this state from liability for injury proximately caused by malpractice or exonerates the public entity from its obligation to pay any judgment, compromise, or settlement that it is required to pay under subdivision (d) of
(continued...)

immunity.  This exception, however, is severely limited to creating a duty *to summon* immediate medical, not for employee malpractice in providing the care.[24]  A medical malpractice action must be brought against the employees, not the state.[25]

Notwithstanding the forgoing, it is clear that Williams could bring a action for medical malpractice under California law against the defendants, which may be based upon mere negligence.  Thus, despite the fact that he may have cited an incorrect provision of state law, he has pled, or at least could plead, a viable claim for medical malpractice under California law.[26]

## IV.   CONCLUSION/ORDER

It does not appear that Williams can plead facts sufficient to state a colorable claim under either his First or Second Causes of action; therefore, those claims are properly dismissed without leave to amend.  This Court declines to exercise its supplemental

---

[23](...continued)
Section 844.6.

[24]    *See Watson v. State of Calif.*, 26 Cal. Rptr.2d 262, 265–66 (Cal. Ct. App. 1993).

[25]    *Id.*

[26]    This Court expresses no opinion whether Williams might be able to *prove* the elements necessary to establish medical malpractice, which requires expert testimony.  *See Johnson v. Superior Court*, 49 Cal. Rptr. 3d 52, 58 (Cal. Ct. App. 2006).

jurisdiction over the state law claim in his Third Cause of Action.[27]

Accordingly, **IT IS THEREFORE ORDERED** that the Complaint on file herein is **DISMISSED** without prejudice and the Clerk of the Court is directed to enter judgment dismissing the Complaint.

**IT IS SO ORDERED** this 18th day of April, 2013.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[27]    "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . .."  28 U.S.C. § 1367(c).